QUICK v. BROOKS, Admr.

**Evidence :** WHERE ADVERSE PARTY IS AN EXECUTOR : DEPOSITION.
Where pending an action the defendant died, and his administrator was substituted, it was *held*, that the deposition of plaintiff, taken in the action before the death of the decedent, was not admissible in behalf of the plaintiff, in view of section 3982 of the Revision, which prohibits a party from testifying where the adverse party is the executor or administrator of a deceased person.

*Appeal from Henry District Court.*

WEDNESDAY, AUGUST 31.

THIS action was commenced May 31, 1867, against the decedent (High) and the issue made up before his death. Plaintiff's deposition, covering many pages, was taken in his own behalf, in the lifetime of High, he being present, advising with his counsel and assisting generally therein, said testimony being material and important. The deposition of High, in his own behalf, was commenced and proceeded with for several days, and during the cross-examination there was an adjournment to a subsequent day, but the deposition was neither concluded nor signed. Before the taking was resumed, High departed this life, and thereupon, the administrator, being substituted, objected that plaintiff's deposition could not be

used upon the trial. This objection was sustained, and this ruling presents the only question for our considera tion on this appeal.

*T. W. & John S. Woolson* for the appellant.

*L. G. Palmer* for the appellee.

WRIGHT, J.—The facts to be found by this testimony transpired, of course, before the death of the intestate. It is also true that the unfinished deposition of the decedent was not received as evidence. The single question, then, is, can this deposition, taken in the lifetime of the intestate, in reference to matters transpiring before that time, when he was present and had full opportunity to cross-examine, be used as evidence after his death, against the objection of the administrator? It seems to us, that the spirit and meaning of the law, forbid the admission of the testimony, and that in the ruling below there was no error. We quote the language of the statute (Rev. § 3982), as we have in many prior cases, that, "No person shall be allowed to testify under the provisions of section 3980 (which makes parties competent to testify), where the adverse party is the executor of a deceased person, when the facts to be proved transpired before the death of such deceased person," etc. Within the meaning of this statute, when did plaintiff testify? At the time his deposition was taken, or at the time of its use on the trial? We clearly think the latter. The argument drawn from the time criminal liability would commence, if plaintiff swore falsely, or the *place* of liability, if the deposition was taken in one county and used in another, fails to reach the precise question here made, or to take in the true scope and purpose of the statute. For, concede that liability commenced if

there was perjury at the time the deposition was taken, or that the witness might be liable in the county where taken, though used in another, what is gained? We answer, nothing. For, here the inquiry is, When is the court called upon to determine the question as to the right of the party *to testify*, when he gives his deposition or when it is offered in evidence? Clearly the latter, for it is not until then that a question can be made; it is not until then, that, in any judicial sense, the fact that one or the other of the parties is dead, or in life can be at all known. Then, too, we must not forget, that while the statute in its prior sections declares all persons competent to testify, it, in the section under consideration, introduces the exception in question, to the effect that one party shall not testify after the death of the other, of facts transpiring before such death. The theory of the general statute, innovating as it did so thoroughly upon the rule of the common law, was, that the light should not be excluded because it might come from a possibly interested source, and hence, that those persons, the parties, who were presumed to know more about a transaction in dispute than all others, should each be allowed to give their own version of the transaction, leaving the jury to judge of their credibility.

But in perfect harmony with this general theory, and in the utmost accord with the reason of the law, it was deemed wise to provide, that if one could not, by reason of death, give his version, neither shall the other. The want of opportunity to assist in the preparation of the cause by the decedent is not the sole ground for excluding the testimony of the survivor, nor by any means the principal ground. The prime reason is found in the inability of the party to oppose his statements, his testimony, to that of the surviving adversary. And this has been more than once announced as the reason of the law.

*Watson* v. *Russell,* 18 Iowa, 80; *Bradley* v. *Kavanagh,* 12 Id. 273; *Romans* v. *Hays,* Id. 270; *Shafer* v. *Dean, ante,* 144.

We can frequently, by an illustration, see the reason of a rule, and the propriety or otherwise of a claimed statutory construction. Take this one and apply it to this case. Suppose, on a former trial of this case, plaintiff had testified, and that for any cause there was a mistrial. Before the second trial he and defendant depart this life. Now, on such second trial, would it be competent, against the objection of defendant's executor, to prove the testimony of plaintiff on the first? Would any one, for a moment, so claim? Certainly not; and yet it is well settled, as a rule, that you may, in a civil case, prove the testimony of a deceased witness given on a former trial between the parties. *Packard* v. *McCoy,* 1 Iowa, 530.

In the case supposed, however, the plaintiff really *testified at the time* of the first trial, and when the defendant was in life, engaged in the preparation of his case and its trial; and then, if at all, criminal liability attached. If such evidence would not be competent, how could the deposition in this case? So, too, suppose again this deposition, after defendant's death, should be offered in evidence in another cause between the same parties, would it be claimed to be competent? And yet the witness in that case would as much *testify* in the life-time of the adverse party as in the case before us.

In any view we can take of the statute, or under any fair process of reasoning which we can adopt, we are constrained to believe that the statute was correctly construed by the court below, and the judgment is therefore

Affirmed.