# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed June 28, 1895.

W. HALL HARRIS AND LENNOX BIRCKHEAD, ASSIGNEES OF THOS. J. WILSON,
VS.
JEFFERSON D. BRADFORD.

*Charles J. Bonaparte* and *W. Hall Harris* for plaintiffs.

*Wm. F. Porter* for defendant.

HARLAN, C. J.—

So far as the motion for a new trial in this case is grounded on the reasons that the verdict is against the evidence and against the weight of the

evidence, I do not deem it necessary to say anything further than that I am not satisfied that this is such a case as requires me to interfere with the action of the jury.

But there is another matter which seems of sufficient importance to justify a brief expression of my views. At the trial the deposition of the defendant was produced to be read in evidence in his own behalf, and on objection of the plaintiff it was excluded, because of the death, since the taking of the deposition, of the original party to the cause of action, whose rights are being enforced. My attention was not called to the case of Armitage vs. Snowden, 41 Md. 119, at the time of the ruling, but it is now relied on as showing conclusively that the Court's action was erroneous. The language of the Court of Appeals to which reference is made is: "The objection to the testimony of the appellant cannot be sustained; the admissibility of testimony depends upon the competency of the witness at the time he testifies, and cannot be affected by what may happen afterwards.

When testimony of Armitage was taken, Kell, the testator, was alive, and under the evidence Acts of 1864, Ch. 109, and 1868, Ch. 116, he was a competent witness. The fact that Kell died before the hearing cannot render the testimony then taken inadmissible."

This language must be interpreted as the Court itself has so often declared, all its language should be with constant reference to the case before the Court. Armitage vs. Snowden was an equity suit, and the distinction between depositions taken to be used at the hearing in equity and depositions taken to be used at the trial at law, is so plain as hardly to require pointing out. The former are regarded as original evidence and the testimony of the witnesses examined, if relevant to the matter in controversy, is in the case from the time the witness speaks, for all purposes. It is not in the option of the party calling the witness to offer the evidence or not as he sees fit. It is manifest therefore, that the competency of the witness to speak should be referred to the time when he deposes and the ruling of the Court of Appeals is in strict accord with the accepted chancery rule, 5 Am. & Eng. Enc. of Law, 610.

But the deposition at law is regarded as evidence of a substitutionary or secondary character. It does not become evidence in the case until offered and admitted at the trial, and it cannot be offered at all if the witness whose testimony was taken can be produced in Court.

Had the defendant in this case been present in Court at the trial would it have been contended for a moment that he could have been called to the stand and have testified against the objection which was made to the deposition? Can the secondary evidence contained in his deposition be allowed to occupy a position superior to that of the evidence for which it is a substitute? The only object of the deposition at law is to take the place of the witness at the trial, and the witness for the purposes of the case in reality testifies only when his deposition is offered. That is therefore the point of time with reference to which his competency should be determined. So it has been declared that where a deposition is taken de bene esse it is necessary to show that the witness' attendance could not be procured at the trial to entitle the deposition to be read, and likewise to entitle the deposition of a witness to be read on the ground of his absence from the State, it must be proved by competent evidence that he has continued absent from the State, so that his attendance cannot be procured by ordinary process of law. Weeks on Depositions, Sec. 456, Sec. 479, and cases cited. Indeed this learned author states the rule to be that "it is the state of facts at the time the use of the testimony is required, that determines as to the admissibility, rather than the facts existing at the date of the taking." Ibid, Sec. 478. Not only would the ruling made at bar appear to be supported by principle, but the adjudications in Courts of law in other States construing statutes similar to our Evidence Act, are to the same effect. Hewelette vs. George, 9 S. Rep. 855; Quick vs. Brooks, 29 Iowa 484; Messimer vs. McCrary, 21 S. W. Rep. 17; Beatty vs. McCorkle, 11 Tenn. 593. It has also been held that the competency of a witness whose deposition is offered, is to be determined by the law

as it stands at the time of the trial, and not by the law as it was when the deposition was taken: Fielden vs. Lukens, 2 App. Dec. 111; Vansay vs. Stinchcomb, 29 W. Va. 263. It would seem, therefore that the admissibility of a deposition *at law* is to be judged of by the conditions of things existing at the time it is offered; and believing that there is nothing in the case of Armitage vs. Snowden, to the contrary of this, the motion for a new trial will be overruled.