## CHARLES D. F. SMITH

*v.*

## AUGUSTA S. BILLINGS *et al.*

*Opinion filed December 21, 1898—Rehearing denied February 8, 1899.*

1. EVIDENCE—*section 2 of Evidence act is designed to preserve equality.* Section 2 of the Evidence act, (Rev. Stat. 1874, p. 488,) which prohibits a party from testifying in his own behalf, as against an executor, concerning transactions, conversations or communications with the deceased, was enacted to preserve equality between the parties, and not because of any question of their interest in the suit.

2. SAME—*competency of deposition, as against executor, not determined as of the time it is read in evidence.* The deposition of the complainant in a chancery case, which relates to transactions, conversations and communications with the defendant, is not competent against the latter's executor, substituted upon the defendant's death, which occurred after the deposition was filed and read in evidence but before his own evidence was heard in the case.

*Smith* v. *Billings,* 76 Ill. App. 454, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

The original and amended bills in this cause were exhibited by appellant, Charles D. F. Smith, against A. M. Billings, as sole defendant, to establish and enforce a trust in favor of complainant in respect to certain stock which had been held by Billings, appellee's testator, and sold by him for the sum of $60,960. The testimony of appellant was taken in his own behalf by deposition. At the taking of the deposition counsel for A. M. Billings appeared before the notary public and cross-examined him. In his testimony thus taken he gave details of various transactions and conversations between himself and Billings, and identified certain letters written by the latter, which were presented as supporting the allegations of his bill. On October 1, 1894, this deposition was filed in the court below, where the cause was pending. On February 2, 1897,

the cause came on for hearing. Appellant offered and read in evidence the deposition. A deposition of one Rew was read, and several witnesses were examined on behalf of appellant. Counsel for Billings called appellant to be sworn and examined by them by way of further cross-examination. On February 5, 1897, and after counsel for appellant had announced that his case was closed, the hearing was adjourned until February 9, following. In the interim between these dates, and during the adjournment, the defendant, A. M. Billings, died. It appears from the bill of exceptions that on February 9 the cause was passed until the 16th of that month. On the latter date the death of Billings, sole defendant, was suggested as having occurred on February 7, and an order was entered that complainant have summons against appellees, as executors, etc. Their appearance was entered on the same day. On February 18, the cause being still upon hearing, a motion was presented by appellees to exclude the testimony of complainant as to transactions, conversations and communications between him and A. M. Billings, which were had in the lifetime of Billings, in relation to the alleged trust. This motion was granted and all such testimony was excluded. No offer of any further testimony in support of the bill was made. Thereupon the court decreed that the bill of complaint be dismissed for want of equity.

W. P. BLACK, for appellant:

Since the act permitting parties to testify, the deposition of a party may be taken the same as that of any other witness. 6 Ency. of Pl. & Pr. 631, and authorities cited; *Cornett* v. *Williams*, 20 Wall. 226; *Texas* v. *Chilles*, 21 id. 488; *Railroad Co.* v. *Polland*, 22 id. 341.

When a party deposes in his own behalf during the life of the adverse party, his deposition is admissible after the death of the adverse party, against the administrator or executor. 6 Ency. of Pl. & Pr. 631; *Sheidley* v.

*Aultman,* 18 Fed. Rep. 666; *McMullen* v. *Ritchie,* 64 id. 253; *Vattier* v. *Hinde,* 7 Pet. 252; *Comins* v. *Hetfield,* 80 N. Y. 261; *Matson* v. *Melchor,* 42 Mich. 477; *Smith* v. *Profit,* 82 Va. 832; *Lafayette Building Ass.* v. *Klenhoffer,* 40 Mo. App. 388; *Parsons* v. *Parsons,* 45 Mo. 265; *Marlett* v. *Warwick,* 18 N. J. Eq. 108; 19 id. 444; *Pratt* v. *Patterson,* 81 Pa. St. 114; *Walbridge* v. *Knipper,* 96 id. 48; *Galbraith* v. *Zimmerman,* 100 id. 374; *Neis* v. *Farquharsen,* 9 Wash. 508; *Freyvogle* v. *Anderson,* 91 Pa. St. 265.

Subsequent incompetency will not render inadmissible the deposition of a witness competent at the time it was taken. 6 Ency. of Pl. & Pr. 572; *Cameron* v. *Cameron,* 15 Wis. 1; *Keran* v. *Trice,* 75 Va. 690; *Smith* v. *Profit,* 82 id. 832; *Sabine* v. *Strong,* 6 Metc. 270; *Allen* v. *Russell,* 78 Ky. 105.

In this case, complainant's deposition was read to the court upon the hearing of the case, and all his oral testimony given during the lifetime of the defendant. The latter's subsequent death cannot have the effect to deprive complainant of the benefit of his testimony, which was competent when given.

The death of the defendant did not have the effect to abate the suit. The suit, as continued against the executors, was not a new suit. The executors were bound by all that had taken place in the case before their testator's death. 2 Daniell's Ch. Pr. 1540, 1545, note 2; *Marlett* v. *Warwick,* 19 N. J. Eq. 444; *Vattier* v. *Hinde,* 7 Pet. 252; *Wells* v. *Mortgage Co.* 2 So. Rep. 136.

WINSTON & MEAGHER, (SILAS H. STRAWN, F. S. WINSTON, and JAMES F. MEAGHER, of counsel,) for appellees:

No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall, as to transactions, communications and conversations with a deceased person, be allowed to testify in said action of his own motion or in his own behalf, when any adverse party sues or defends as the executor of such deceased person. Starr & Curtis' Stat. chap. 51, sec. 2.

Nor in such case will the deposition of said party, even though taken in the lifetime of the party whose personal representatives now defend, be. competent as against such personal representatives. Starr & Curtis' Stat. chap. 51, sec. 2; *Trunkey* v. *Hedstrom*, 131 Ill. 204; *Kelsey* v. *Snyder*, 118 Ill. 544; *Langley* v. *Dodsworth*, 81 id. 86; *Henry* v. *Tiffany*, 5 Ill. App. 548; *Quick* v. *Brooks*, 29 Iowa, 484; *Zane* v. *Fink*, 18 W. Va. 693; *Park* v. *Locke*, 48 Ark. 133; *Hewellett* v. *George*, 68 Miss. 703; *Barker* v. *Hebbard*, 81 Mich. 267; 29 Am. & Eng. Ency. of Law, 690.

In Illinois the rule as to the competency of evidence is the same in chancery as in law. *Kelsey* v. *Snyder*, 118 Ill. 544; *Phillips* v. *Love*, 54 Ill. App. 526.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The principal question for decision in this case must be whether or not complainant below was entitled, under the facts stated, to have his deposition considered by the court upon the final determination of the cause, and this depends upon the proper construction of section 2 of chapter 51 of our statutes. That section provides that no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion or in his own behalf, by virtue of section 1, "when any adverse party sues or defends * * * as the executor, administrator, heir, legatee or devisee of any deceased person," etc., "unless when called as a witness by such adverse party so suing or defending," and also except in certain cases following, not material to be considered here.

It is very clear from the language of the statute, that if complainant had offered himself as a witness to testify to the facts stated in his deposition, after the death of his adversary, A. M. Billings, he would have been incompetent,—and to that effect are numerous decisions of this court. The contention, however, is, that inasmuch as his testimony had been taken and filed in the cause before

177—29

such death, he being a competent witness at the time of
the taking and filing of the deposition, the subsequent
death of the defendant did not have the effect of render-
ing it incompetent.   The question is a new one in this
court, and, as can readily be seen, of great importance,
not only in the present case, but in laying down a rule of
evidence to be hereafter followed.   Appreciating its im-
portance, aided by the able argument of counsel and the
well considered opinion of the Appellate Court by SEARS,
J., we have endeavored to give it full and careful consid-
eration.  Its decision is rendered somewhat more difficult
than, to our minds, it would otherwise have been, by the
fact that the decisions of other courts upon somewhat
similar statutes are inharmonious.   It is held by courts
of the highest respectability that such testimony, though
used upon the hearing after the death of the adversary,
is competent.   These authorities will be found cited in
the opinion of the Appellate Court.   Other courts of no
less learning and ability have held, as did the chancellor
below and as decided by the Appellate Court, that it was
incompetent, and these cases also are cited in the opinion
by SEARS, J.   In determining what shall be the rule in
this State we must choose between the two classes of
cases, and follow the rule which seems to us to be based
upon the sounder reason and which is most in harmony
with our decisions in passing upon other questions pre-
sented under the foregoing statute.

   As stated by the Appellate Court, those decisions
which hold the testimony competent do so upon the rea-
soning that a witness who was competent to testify at
common law, when he gave his evidence, was not ren-
dered incompetent by the fact that he subsequently be-
came interested in the result of the suit, as a party or
otherwise; and, assuming that the surviving party was
competent at the time he gave his deposition, it is held,
by analogy, that the subsequent death of the other party
could not render him incompetent.   It seems very clear

to our minds that the analogy does not exist.   An interested party was incompetent to testify at common law because it was supposed, taking into consideration the frailties of human nature, that he would be so influenced by his interest as that he would not testify fairly and impartially and that he would be tempted to commit perjury.   Now, if this temptation had no existence at the time he testified, of course the reason for holding him incompetent was wanting, and therefore, although he might afterwards become interested, that interest could in no way relate back to the time of his testifying so as to affect or discredit his evidence, and hence it has always been held that such after-acquired interest would not destroy the competency of his testimony.   Under section 2 of our statute, a party to an action, suit or proceeding, where the adverse party sues or defends as the executor, administrator, etc., is not rendered incompetent by reason of his being a party or interested in the result of the litigation, but because to allow him to do so would be to give him an advantage over his adversary, the theory of the statute being, that inasmuch as the deceased *cannot* speak the living should not be allowed to do so; and, as shown by the numerous cases referred to by the Appellate Court, we have many times held that it is the spirit and intention of the statute to preserve equality between the parties to a transaction out of which the action or proceeding grows.   No good purpose would be served by referring specially to those decisions the purport of which is stated in the language quoted by the Appellate Court from *Whitmer* v. *Rucker*, 71 Ill. 410, and in the opinion of Mr. Justice WALL, of the Third Appellate District, quoted and adopted in *Butz* v. *Schwartz*, 135 Ill. 180.

We cannot agree with the contention, nor the line of decisions which seem to sustain it, that the test of the competency of complainant's testimony at the final decision of the case in any way depends upon its competency when taken.   The language of the Supreme Court of

Iowa in *Quick* v. *Brooks,* 29 Iowa, 484, clearly expresses the rule by which the competency of testimony under section 2 must be tested. It is there said: "Within the meaning of this statute, when did plaintiff testify? At the time his deposition was taken, or at the time of its use on the trial? We clearly think the latter. * * * The theory of the general statute, innovating, as it did, so thoroughly upon the rule of the common law, was, that the light should not be excluded because it might come from a possibly interested source, and hence that those persons, the parties who were presumed to know more about the transaction in dispute, should each be allowed to give their own version of the transaction, leaving the jury to judge of their credibility. But in perfect harmony with this general theory, and in the utmost accord with the reason of the law, it was deemed wise to provide that if one could not, by reason of death, give his version neither shall the other. The want of opportunity to assist in the preparation of the cause by the decedent is not the sole ground for excluding the testimony of the survivor, nor by any means the principal ground. The prime reason is found in the inability of the party to oppose his statements,—his testimony,—to that of the surviving adversary, and this has been more than once announced as the reason of the law.—*Watson* v. *Russel,* 18 Iowa, 80; *Bradley* v. *Kavanagh,* 12 id. 273; *Roman* v. *Hays,* id. 270; *Shaefer* v. *Dean, ante,* 144."

The disadvantage to which appellees would have been put had that deposition remained in the record, to be considered by the chancellor, would certainly be no less by reason of its having been taken at a former time. We think the question was, should the complainant be allowed to give his version of conversations and transactions between himself and the deceased, and have those conversations considered in the final determination of the cause, when the latter could make no reply? It seems to us almost too clear for argument that to have retained

this testimony and made it the basis of a decision in complainant's favor would have been to destroy the equality between the parties and substantially avoid the provisions of the statute.

Something is said in the argument about the hardship which, under this view, will result to the complainant, and the fact that in this case, or other cases, the failure of the deceased party to testify may have been the result of his own design or carelessness. Clearly, these considerations can have no controlling influence in giving construction to the statute and laying down the rule of evidence. The hardship does not result from the law or the construction we place upon it. The entire statute removing the common law disability from parties and witnesses on account of interest is an innovation, deemed wise, for the interest of all parties, but only so where the equality of the parties can be maintained. It might be said that in the absence of this statute it was often a hardship upon a party that he could not testify or use as a witness one who was interested in the result of the suit; but rules of law cannot be adjusted so as to meet the hardships, seeming or real, of each particular case. To hold that whether or not the failure of the deceased party, in a case like this; to get his deposition into the record before he died was his own fault, should furnish the test for the proper construction of the statute, would be to leave the whole question undetermined, and certainly could not be justified.

We entertain no doubt that the spirit and intention of section 2, *supra*, were fully carried out by the ruling of the chancellor and in the judgment of affirmance by the Appellate Court. The deposition of the complainant, Smith, having been properly expunged from the record, there was clearly no sufficient evidence upon which to base a decree in his favor. The decree was therefore proper and the judgment of the Appellate Court right.

*Judgment affirmed.*