GABRIEL DE LAURENT, as Administrator of the Estate of EDWARD A. DE LAURENT, Deceased, Appellant, *v.* EMMA B. TOWNSEND, Respondent.

Evidence — trial — decedent's estate — personal transaction between witness and decedent — rule as to waiver found in section 347 of Civil Practice Act and not elsewhere — action by administrator to recover property of decedent — prior examination of defendant, in discovery proceedings not prosecuted to a decision, does not open door so as to permit her to testify to personal transaction with decedent — testimony incompetent in absence of act of waiver by administrator.

1. Prior to the year 1914, section 2709, Code of Civil Procedure, specifically provided that when a witness is examined in discovery proceedings in Surrogate's Court, all objections under section 829, Code of Civil Procedure, now section 347, Civil Practice Act, to his testimony as to the same transaction in future litigation were waived. When this section was re-enacted as section 2676, Code of Civil Procedure, now section 206, Surrogate's Court Act, this provision was eliminated. The rule as to waiver is, therefore, to be found in section 829, Code of Civil Procedure, now section 347, Civil Practice Act, and not elsewhere.

2. Where, therefore, prior to the commencement of this action by an administrator to recover property belonging to his intestate in his lifetime, the defendant had been examined in Surrogate's Court in discovery proceedings but nothing further done in that court, testimony on the trial of this action, by defendant as to a personal transaction with deceased and as to an oral gift made by him to her of the property in question, is incompetent where the administrator has neither testified in his own behalf, examined defendant as to such transaction, nor offered in evidence the testimony of the defendant taken in the discovery proceeding.

*deLaurent* v. *Townsend*, 214 App. Div. 493, reversed.

(Argued May 26, 1926; decided June 8, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 2, 1925, unanimously affirming a judgment in favor of defendant entered upon a verdict directed by the court.

*Louis H. Levin* and *Joseph Steinberg* for appellant. The defendant was incompetent to testify as to transactions had with deceased, and the provisions of section 347 of the Civil Practice Act were not waived even though the plaintiff instituted discovery proceedings at which the defendant was examined with reference to the property in question. (*Matter of Heinze,* 224 N. Y. 1; *Matter of Silverman,* 87 Misc. Rep. 571; *Matter of O'Brien* v. *Baker,* 65 App. Div. 282; *Matter of Carney,* 119 Misc. Rep. 104; 208 App. Div. 734; *Bambauer* v. *Schleider,* 176 App. Div. 562; *Farmers L. & T. Co.* v. *Wagstaff,* 194 App. Div. 757; *Rogers* v. *Rogers,* 153 N. Y. 343; *Kramer* v. *Kramer,* 80 App. Div. 20; *Cudlip* v. *N. Y. Even. Journal,* 180 N. Y. 85.) The admissible evidence was insufficient to establish the delivery of the property in question to the defendant, or the giving thereof to her with intent to pass title thereto *in præsenti,* or to establish the  delivery of the writings to the defendant prior to the decedent's death. (*Matter of Housman,* 224 N. Y. 525; *Matter of Canfield,* 176 App. Div. 554; *Matter of Perry,* 129 App. Div. 587; *Roberge* v. *Bonner,* 185 N. Y. 265; *McKeon* v. *Van Slyck,* 223 N. Y. 392; *Matter of Van Alstyne,* 207 N. Y. 299.)

*Edward A. Kenney* and *Leonard Acker* for respondent. The defendant was entitled to a direction of a verdict even without the support of her own testimony. (*Hirst* v. *Auer,* 146 N. Y. 13; *Gilkinson* v. *Third Avenue R. R. Co.,* 47 App. Div. 472; *Matter of Bunt,* 96 Misc. Rep. 114; *Matter of Tipple,* 118 Misc. Rep. 430; 202 App. Div. 739; *Matter of Glascow's Estate,* 201 N. Y. Supp. 541; *Judson* v. *Hatch,* 171 App. Div. 246; *Matter of Canfield,* 176 App. Div. 554; *Claflin* v. *Meyer,* 75 N. Y. 260; *Goldstein* v. *Pullman Co.,* 220 N. Y. 249, 554; *Singer* v. *Knott,* 237 N. Y. 110; *Griffin* v. *Long Island R. R. Co.,* 101 N. Y. 348; *Cook* v. *Dowling,* 6 Misc. Rep. 271.) There was no error in permitting the defendant to testify as to her trans-

actions with the deceased, as the plaintiff had opened the door by examining her in discovery proceedings in the Surrogate's Court. (*May* v. *Curley,* 113 N. Y. 575; *Cole* v. *Sweet,* 187 N. Y. 488; *Matter of Glasgow,* 121 Misc. Rep. 613; *Matter of Benioff,* 73 Misc. Rep. 493.)

POUND, J. During his lifetime Edward A. de Laurent was the owner ,and in possession of certain French and Italian bonds and certain jewelry. He died in March, 1922. Neither the bonds nor the jewelry were among his effects. The plaintiff having been appointed administrator of the estate, the defendant was directed to appear under sections 205 and 206 of the Surrogate's Court Act to give information in regard thereto. She submitted an answer alleging that she was entitled to the property in question and was then examined. No further proceedings were taken before the surrogate but this action was begun in the Supreme Court for the recovery of the property. The issue was whether before his death the deceased gave the property in question to the defendant. On the trial, the defendant testified over objection and exception to a personal transaction with the deceased and to an oral gift made by him in the course of these transactions to her of the property in question and of its delivery to her. In this she was corroborated by her daughter and three letters were offered in evidence by her signed by the deceased in each of which he stated that at his death he gave to the defendant the bonds in question and the jewelry. She and her daughter also testified that from 1920 she had had possession of the bonds and from 1921 of the jewelry. Witnesses for the plaintiff had testified, however, not only that long after this time, a ring, the most valuable piece of jewelry in question, had been seen in the possession of the deceased, but that immediately after deceased's death the defendant had denied on one occasion that she knew anything about the bonds or jewelry and that on another occasion

she said that the ring had been given back by the deceased to some friend of his. At the close of the evidence a motion was made to dismiss the complaint. The plaintiff was asked what issues there were for the jury and indicated several. The defendant then moved for the direction of a verdict. This motion was granted, but no exception was taken by the plaintiff.

Prior to the year 1914, section 2709, Code of Civil Procedure, specifically provided that when a witness is examined in discovery proceedings in Surrogate's Court, all objections under section 829, Code of Civil Procedure, now section 347, Civil Practice Act, to his testimony as to the same transaction in future litigation were waived. When this section was re-enacted as section 2676, Code of Civil Procedure, now section 206, Surrogate's Court Act, this provision was eliminated. While we may speculate that this was done because the Surrogate's Court was then vested with jurisdiction to try the issue of title and that it was anticipated that no other or future litigation would follow, the obdurate fact remains that it was repealed. The rule as to waiver is, therefore, to be found in section 829, Code of Civil Procedure, now section 347, Civil Practice Act, and not elsewhere. If defendant had proceeded to the trial of the issue of title in Surrogate's Court, she would have been competent to testify in her own behalf after the plaintiff had opened the door by examining her as to the same transactions. If on the trial of this action, plaintiff had offered in evidence the testimony of defendant taken in the discovery proceedings, defendant would have become a competent witness to the same transactions. But defendant must stand on the provisions of section 347, Civil Practice Act. On the the trial of the action she shall not be examined in her own behalf or interest concerning a personal transaction or communication between herself and the deceased. The administrator may waive this provision by testifying in his own behalf or by examining defendant on the trial

of the action as to such transaction. He did neither. Therefore, the evidence of defendant was incompetent.

The evidence was prejudicial. While we may not review the direction of a verdict in favor of defendant in the absence of an exception, we may properly indicate for the guidance of a further trial, that the evidence for the defense without her testimony did not point so conclusively to a gift as to require the court to direct a verdict for the defendant.

The judgments should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.