NORMAN, Appellant, vs. KERNAN, Respondent.

*October 13—November 9, 1937.*

For the appellant there was a brief by *Silverwood & Fontaine* of Green Bay, and oral argument by *A. B. Fontaine*.

For the respondent there was a brief by *Martin, Clifford, Dilweg & Delaney* of Green Bay, and oral argument by *La Vern R. Dilweg*.

ROSENBERRY, C. J.   The trial court correctly held that there was no resulting trust.   The plaintiff argues very earnestly in this court that a fiduciary relation existed between the plaintiff and his deceased wife, that it appearing that the money which was invested in the property was earned by the plaintiff, the wife being a fiduciary, her act in taking title in her own name amounted to a fraud upon the plaintiff.   The Restatement of the Law of Trusts, § 442, is as follows:

"Where a transfer of property is made to one person and the purchase price is paid by another and the transferee is a wife, child or other natural object of bounty of the person by whom the purchase price is paid, a resulting trust does not arise unless the latter manifests an intention that the transferee should not have the beneficial interest in the property."

The fact that the title was taken in the name of the wife, that it remained in her name for many years, that the plaintiff made no inquiry in respect thereto, and so far as the record discloses never during the lifetime of his wife manifested any

intention that the wife should not have the title, brings the case squarely within the rule of law stated in section 442. There is no competent evidence in the case that the plaintiff had or communicated to his wife any intention whatever with respect to the title being taken in his name. The trial court found that the plaintiff permitted his wife to buy the several pieces of property, take the title thereto in her own name, never made any inquiry in regard to it, and that all of the transactions were carried on by her without direction from him. Under the circumstances as found by the trial court no trust resulted in favor of the plaintiff in the property purchased by the wife, the title to which was taken in her name, nor was there any fraud established, actual or constructive. The plaintiff apparently fully trusted his wife, she did as she pleased, and he acquiesced in whatever she did.

If the plaintiff had any cause of action at all it was for reformation, but the evidence in this case is not of that clear, satisfactory, and convincing kind necessary to establish mutual mistake.

It further appears that the plaintiff filed no claim against his wife's estate, made no protest against the property being assigned to her daughter, the defendant. In addition to that, on July 14, 1933, the plaintiff conveyed by quitclaim deed to Clementine Kernan, all his right, title, and interest to a lot which he acquired in 1903. This was more than six months after the death of his wife. This action was not begun until two and one-half years after the wife's death.

One other point remains to be considered. Plaintiff's counsel sought to examine him with respect to certain transactions between him and the deceased, Louise Norman. Counsel for the defendant objected on the ground that the testimony sought to be elicited related to transactions with a deceased person and the witness was therefore incompetent. This objection was sustained. Some testimony was taken subject to the objection. The trial court in its opinion indicated that

it did not consider that the evidence was properly received. It is contended that the court erred in excluding this evidence and in failing to consider that which was admitted subject to objection. It appears that prior to the trial plaintiff was examined adversely, and upon the trial plaintiff's deposition was offered by the defendant and received in evidence. It is claimed that this removed the disqualification of the plaintiff and made him a competent witness. The whole deposition was offered in evidence near the close of the testimony. During the course of the trial specific attention was called to the following question and answer:

"*Q.* Did you ever give any money to anyone and instruct them to invest that money in real estate for you? *A.* No, sir, I did not."

On the trial the plaintiff sought to correct this and said:

"I understand that question to be if I give it outside of my wife; that is the question I understood."

He was then asked the following question on the trial:

"*Q.* Did you and your wife during your lifetime, during your marriage, make any agreements between you as to what was going to be done with your money?"

Upon objection, plaintiff was not permitted to answer.

On the adverse examination plaintiff was asked this question:

"*Q.* As far as you were concerned it was perfectly all right to use the money as your wife saw fit? *A.* Yes, sir."

Upon the trial he explained the answer as follows:

"*A.* That I understood it in a way she could use the money providing she was using it in the right way for me, that I was getting the benefit of it."

Where a deposition of a party is taken adversely under the statute, the mere taking of the deposition is no waiver of the right of the party taking it to object on the ground of the incompetency of the witness at the trial. *Maldaner v. Smith* (1899), 102 Wis. 30, 78 N. W. 140.

In *Lamberson v. Lamberson* (1921), 175 Wis. 398, 184 N. W. 708, it was held that the offer of a deposition taken under sec. 4096 (now sec. 326.12) removes the incompetency of the witness and his testimony should be received. In that case, however, the deposition offered and received in evidence related to transactions with the deceased. In this case, the defendant, at whose instance the deposition was taken, carefully limited the examination to matters not relating to transactions with the deceased. The two questions and answers quoted are the only ones that approach the border line. Under the rule these questions did not relate to transactions with the deceased, Louise Norman. The trial court correctly excluded the testimony sought to be elicited from the plaintiff relating to transactions with his deceased wife and rightly declined to consider the evidence received subject to objection.

*By the Court.*—Judgment affirmed.

MARTIN, J., took no part.