HANUS, Appellant, vs. JANKOWSKI, Executor, Respondent.*

*November 30—December 30, 1949.*

* Motion for rehearing denied, with $25 costs, on March 7, 1950.

For the appellant there was a brief by *Jedney & Lund* of Black River Falls, and *Brazeau & Graves* of Wisconsin Rapids, and oral argument by *R. B. Graves* and *E. S. Jedney*.

For the respondent there was a brief by *Fugina, Kostner, Quinn & Ward* of Arcadia, and oral argument by *Lavern G. Kostner*.

FRITZ, J. Although there were some conflicts in the evidence on the trial of this action, there was ample proof,

which the court could consider credible and sufficient, to establish the following matters stated in its written decision and findings of fact and conclusions of law. The plaintiff and Frances Hanus were married on November 25, 1926, and lived together as husband and wife until her death on December 12, 1947. The only property she had at the time of their marriage was a bonus of $800. Shortly thereafter plaintiff transferred his personal bank account to a joint account in the name of himself and his wife, and as he sold parcels of his real property from time to time the proceeds were deposited and invested jointly in their names. In 1944 he was stricken with angina pectoris, and on a few occasions his condition was critical, but the rest of the time he has been able and did manage his affairs on a restricted scale.

When their joint bank account had accumulated to a substantial amount and was producing no income, he and his wife discussed and agreed to withdraw $8,000 from the account to invest it in Jackson County Savings & Loan Association certificates. An officer of the association informed them that only $5,000 of the $8,000 would be insured under the Federal National Housing Act; and it was then agreed by plaintiff and his wife that one certificate for $5,000 should be issued to them jointly, and that three certificates of $1,000 each should be issued in the name of the wife, individually; and plaintiff was present at the time of and voluntarily consented to the issuance of said three certificates to his wife. All of the certificates were then placed in a safety-deposit box at a local bank, which was in the joint names of plaintiff and his wife; and to which each had equal access.

In 1946 they decided to spend the winter months in Texas because of plaintiff's health, and $2,650 were withdrawn from the joint bank account. Of this amount plaintiff used $1,000 to purchase traveler's checks issued to him and he

retained $50 in cash, and he delivered the balance of $1,600 to his wife, with which she purchased in her name, with plaintiff's knowledge, $1,600 worth of traveler's checks. Each retained possession of the traveler's checks issued in their respective names, and spent a portion of them. Upon returning to their home the wife still had $1,050 worth of her traveler's checks in her possession, and she continued to have possession thereof from 1946 until her death in 1947. As testified by plaintiff, they were in her possession in her purse at the time of her death.

The three savings and loan association certificates issued in her name individually continued to be owned and retained in her name; and at the time of her death the certificates were in the custody of her attorney, C. E. Fugina. The other savings and loan association certificates for $5,000, issued to plaintiff and his wife jointly, he cashed on August 1, 1947, and then used part of the proceeds to pay a lumber bill and placed approximately $4,000 thereof in his own name in a Minneapolis bank. But there is no evidence whatever that during his wife's lifetime plaintiff ever claimed that there was any conditional delivery of the traveler's checks or the three savings and loan association certificates issued in the name of his wife or that during her lifetime he ever claimed or asserted that plaintiff had any right to recover the ownership thereof.

On December 19, 1947, plaintiff filed a petition for the probate of his wife's estate as an intestate, and alleged in his petition that she owned personal property not to exceed $4,500. Contrary to this allegation plaintiff, upon being informed that his wife died testate and that proceedings for the probate of her will were commenced, brought this action, claiming title to the traveler's checks for $1,050 and the three savings and loan association certificates issued in the name of his wife.

In view of the above-stated facts and the court's findings and conclusions of law, the judgment entered thereon must be affirmed. By the issuance to and the possession by plaintiff's wife, with his knowledge and consent, of the three savings and loan association certificates and the traveler's checks, which she retained until her death, she had become and continued to be the owner thereof until her death. As her right thereto and possession thereof does not appear to have ever been limited or even questioned by plaintiff during her lifetime, the trial court rightly adjudged that the certifi- cates and traveler's checks were assets of her estate and sub- ject to her disposition thereof by her will. The argument on behalf of plaintiff's claim that the savings and loan associa- tion certificates were issued in the name of plaintiff's wife in order to obtain full insurance coverage under the federal statutes is without merit. As at the time of the issuance of the certificates neither of the parties owned any such cer- tificates whatever, any rule under the statute in relation to the insurance coverage or limitation thereof would have been equally applicable to certificates issued in the individual name of either party. Moreover, in relation to the facts es- tablished herein there is applicable the rule stated in 54 Am. Jur., Trusts, p. 160, sec. 205:

"It is the general rule, founded on the common knowledge that a conveyance on a consideration is in fact usually in- tended as a gift or settlement, that a conveyance on a con- sideration from a husband, parent, or other person, where title is taken in the name of the wife, child, or other natural object of the purchaser's bounty, generally does not raise, and, on the contrary, rebuts, a resulting trust, and raises a presumption of a gratuitous settlement on the wife, child, or other object of the bounty." *Norman v. Kernan,* 226 Wis. 78, 276 N. W. 127; Restatement, 2 Trusts, p. 1355, sec. 442.

*By the Court.*—Judgment affirmed.