Jeanne BAUMEL, individually and as Administratrix of the Estate of John M. Vocale, and John Baumel, an infant, by Jeanne Baumel, his guardian ad litem, Plaintiffs,

v.

TRAVELERS INSURANCE COMPANY, Defendant.

Civ. No. 17085.

United States District Court
E. D. New York.

Oct. 16, 1959.

Turnbull & Bergh, New York City, for plaintiffs, John G. Turnbull, Alfred A. Marra, Daniel J. Loughlin, New York City, of counsel.

Galli, Terhune, Gibbons & Mulvehill, New York City, for defendant, John G. Donovan, New York City, of counsel.

#### BRUCHHAUSEN, Chief Judge.

The question for determination is the competency of the testimony of Herman and Mayer Goldfarb, agents of the defendant, the Travelers Insurance Company, concerning conversations had between them and the deceased John Vocale, the insured. It involves the construction of Section 347 of the New York Civil Practice Act.

The defendant disclaims liability on the policy, due to non-payment of the premium. The plaintiff contends that a check for $1,996 was given to the agents for the payment of premium presently due and to become due. The defendant claims that the agents gave to the deceased a consideration for said sum and, therefore the agents were entitled to same, also that they then turned it over to the defendant in payment of casualty premiums owed by the agents to the defendant. The defendant further contends that such payment did not include premiums for the decedent's policy. Defendant also intends to establish that there were other business transactions between the agents and the deceased.

The defendant cites the case of Ward v. New York Life Insurance Company, 225 N.Y. 314, 122 N.E. 207. There the deceased named certain beneficiaries in his policy. Also, during his lifetime, he made a parol assignment to his wife of the same policy as security for money she loaned the deceased during his lifetime. At the trial the wife was permitted to testify as to the assignment and the conversations pertaining thereto. The testimony was held competent as against the beneficiaries of the policy. It was thus competent unless it appear that they derived their "title or interest from, through or under a deceased person by assignment or otherwise," and the Court concluded that a person claiming money directly from an insurance company by virtue of a designation under a policy is not in the position of claiming "from, through or under" the insured in said policy even though the latter made the designation.

The Ward case appears to be in conflict with the earlier case of Rosseau v. Rouss, 180 N.Y. 116, 72 N.E. 916. The plaintiff therein sued on an oral contract made between his mother and his putative father wherein the mother agreed to support their infant son for a specified period of time, at the termination whereof the father agreed to settle upon the plaintiff a sum certain. The contract was established principally by the testimony of the mother. The plaintiff recovered.

On appeal, the judgment was reversed on two grounds: (1) That the mother was directly interested in that she would not be obliged to use her own money to support the plaintiff child, and (2) the mother was the person through whom the plaintiff derived his interest and could not testify in plaintiff's behalf.

A person interested in the event is one who will either gain or lose by direct legal operation of judgment, or against whom the record would constitute legal evidence.

Some fifteen years later in the case of In re Carroll's Estate, 153 Misc. 649, 275 N.Y.S. 911, in a proceeding for the construction of a will of a donor, the beneficiaries of the power were held competent to testify to a transaction with the donee, to prove that the power had been validly exercised against those who, concededly claiming from the donor,

would take the disputed property in default of a proper exercise of the power. Thereafter the Legislature amended the Civil Practice Act, § 347, disallowing such testimony. Whether the amendment affected the rule of the Ward case has not been passed upon in any later case.

It would seem the Ward ruling is limited to the state of facts therein.

In the Matter of Browning's Estate, 280 N.Y. 584, 20 N.E.2d 25, it was held that Rosseau v. Rouss is still authoritative. In Browning, it was determined that the grandmother of the infant plaintiff was not a competent witness for the reason that the said infant plaintiff derived his interest or title by assignment or otherwise through the grandmother, the person from, through or under whom the plaintiff derived his interest.

In the case of Duncan v. Clarke, 1955, 308 N.Y. 282, 125 N.E.2d 569, 49 A.L.R. 2d 1287, it was held that the trial court erred in permitting the grandmother to testify on behalf of the infant plaintiff as to the father's agreement to pay the grandmother $60 per month until plaintiff reached twenty-one, further that the grandmother is the person from, through, or under whom the plaintiff derives his interest.

The court held that the Rosseau case has been supported by Croker v. New York Trust Company, 245 N.Y. 17, 156 N.E. 81; In re Browning's Estate, 280 N.Y. 584, 20 N.E.2d 25, and followed these cases, also that the Ward case had not implicitly overruled Rosseau and further that the Ward case was decided on its own peculiar facts.

■ In the case at bar the witnesses Goldfarb would gain directly by their testimony because if they could testify about conversations with the deceased concerning this check, showing that it was their property, they would gain by establishing that they used this money to pay the premium money owed the defendant.

■ The defendant's contention that the plaintiff has waived the protection of the statute is without merit. To establish a waiver, the testimony previously taken must first be offered in evidence at the trial. In the case of De Laurent v. Townsend, 243 N.Y. 130, 133, 152 N.E. 699, 700, the court so held.

I hold that the testimony of the defendant's prospective witnesses, Herman and Mayer Goldfarb, concerning conversations had between them and the insured, the decedent John Vocale, is not admissible, at the trial, on the ground of incompetency, unless at such trial the plaintiff offers in evidence the testimony taken in the discovery proceedings. Should the plaintiffs make such offer at that time it would constitute a waiver by them, thus rendering admissible the testimony of the Goldfarbs.