JOHN CRERAR *et al.*

*v.*

EDWIN F. DANIELS.

*Opinion filed April 20, 1904.*

1. PROPOSITIONS OF LAW—*proposition calling for holding on question of fact is properly refused.* The purpose of section 41 of the Practice act, relating to propositions of law, is to enable the parties to obtain the opinion of the court on controlling questions of law, and a proposition calling for a holding upon a question of fact is properly refused.

2. SAME—*when propositions call for holdings of fact.* In an action by the lessee of a dock to recover from the succeeding lessee the value of planking put down by the plaintiff, which the defendant refused to allow plaintiff to remove, propositions asking the court to hold such planking to be a fixture, trade fixture, of no market value, etc., call for findings of fact where the evidence is conflicting, and are properly refused.

*Crerar v. Daniels,* 109 Ill. App. 654, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

GOODRICH, VINCENT & BRADLEY, (WARREN NICHOLS, of counsel,) for appellants.

TENNEY, COFFEEN & HARDING, (J. H. WILKERSON, of counsel,) for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal by the appellants, John Crerar and R. Floyd Clinch, from an affirmance by the Appellate Court for the First District of a judgment against them for $600 in favor of appellee, Edwin F. Daniels, plaintiff, in the circuit court of Cook county. The Appellate Court, in granting this appeal, granted a certificate of importance.

In May, 1893, appellee leased from the Illinois Central Railroad Company a certain dock for one year. By

various extensions, however, the lease was extended to May 1, 1897, about which time the representative of appellee had an interview with the manager of this part of the business of the lessor with reference to a continuance of the lease for another year. Appellee was considering moving to another dock, and requested, and received, further time for his consideration. About the 23d of May the appellee informed the lessor he would not renew the lease, and just about this time the said lessor made a lease of the dock to appellants, though said lease was dated May 1, 1897. When the appellee first leased the dock it was not planked, and he immediately planked the entire dock by laying stringers along the ground and nailing planks thereon, filling in earth when necessary. Appellee, in July, 1897, attempted to remove the planking so placed by him, but was prevented by appellants, who had procured a lease of the dock from the owner. Appellee, after such attempted removal, demanded of appellants the value of the improvement, and payment being refused, this suit was instituted.

The lease to appellants, and also that to appellee, contained this provision: "It is mutually understood and agreed that any planking required to be done on the pier hereby leased shall be done at the expense of the parties of the second part." Appellee's lease also contained a provision to the effect that the lessor, on giving sixty days' notice to the lessee, might terminate the lease. During the conversation between the representative of appellee and the lessor as to the extension of the lease after May, 1897, the lessor's representative stated that the lessor made no claim to the planking placed by appellee on the dock, and preferred that appellee should remove it.

Appellee, after the expiration of his lease in May, 1897, continued to occupy the dock in question with two or three hundred tons of coal which he had thereon. Appellants did not move their office to this dock until in

October, 1897. On July 9, 1897, appellee received a no-
tice from appellants, in which it was stated that unless
appellee removed his "coal and other property" from the
dock by July 15, 1897, appellants would take steps to col-
lect rent for the use of the dock and to dispose of the
property. Appellee then started to remove the plank-
ing, but was stopped by appellants' agents. After this
appellee sent appellants a bill for $750 for the planking,
and in reply to the demand for an immediate removal
appellee insisted that under his lease he had sixty days
in which to remove his property. No attention being
paid to appellee's first bill sent appellants for the plank-
ing, subsequent bills were sent. Finally, in reply to
one of date November 1, 1897, appellants sent appellee a
statement, charging appellee with $866.66 and crediting
him with $750, the amount of appellee's bill for plank-
ing. Appellants' bill was for rent of the dock, claimed
by appellants from appellee.

A jury was waived by agreement of the parties, and
both questions of law and fact were submitted to the
court. Propositions were submitted by appellants to
the trial judge to be held as law. One, only, (No. 12,)
of these propositions was held as requested.

At the close of the plaintiff's evidence, and also at
the close of all the evidence, appellants made a motion
to have given, and offered, the following instruction:
"The court finds the issues for the defendants." The le-
gal effect of offering this instruction was to demur to the
evidence. (*First Nat. Bank* v. *Northwestern Nat. Bank,* 152
Ill. 296.) There is evidence in the record showing that
the owner of the premises recognized the right of appel-
lee, as owner of the property in question, to remove the
same. There is also evidence in the record showing that
appellants sent two or three statements to the appellee
claiming rent for the premises during his occupancy of
the same and after the expiration of the term of his
lease, and that appellants finally sent a general state-

ment to appellee, in which they charged him with $866.66 for rent and credited him with $750,—the amount claimed as the value of the property in question. There was also evidence that appellee had not surrendered up the dock upon which the planking in question had been laid by him, and that when appellants gave him notice to remove his coal and other property from the dock, he begun to remove the planks in question and was stopped by the agents of appellants from doing so. These matters of evidence certainly fairly tended to support appellee's case, and whether there was, in fact, a surrender of the premises without the removal of the planks, or whether they were trade fixtures or other form of personal property, were so much questions of fact that we are not disposed to hold it was error in the court to refuse the peremptory instruction.

Complaint is made of the refusal of the court to mark "held" eleven alleged propositions of law submitted to it. The first proposition was: "The court finds that the planks, planking, stringers and surface improvements in question in this case were fixtures." The second is in the same language, and asks the court to hold that they are trade fixtures. By the third the court was asked to hold that the "plaintiff surrendered possession of the dock in question on the date of the expiration of his lease, and that the planks, planking, stringers and surface improvements in question, at the time the premises were surrendered by the plaintiff, had not been removed or attempted to be removed by the plaintiff." The fourth asked the court to hold that the same materials designated in the previous instructions were annexed to the realty, were adapted for the use or purpose of the realty to which they were attached, and were intended by the plaintiff to be annexed to the realty. By the fifth the court was asked to hold that the property sued for had no such market value, in law, as entitled the plaintiff to recover against defendants. The sixth was, that such property,

located as it was, had no market value. The seventh was, that the defendants leased the realty in question and took possession thereof with the property claimed upon the same, and that plaintiff had no right, against the defendants, to enter upon the realty and take possession of and remove said property.

We have set out enough of these propositions that their real character may be seen, and it is quite apparent that none of them are propositions of law, but are simply requests to the court to make certain specific findings of facts involved in the consideration of the case. By section 41 of the Practice act either party is authorized to "submit to the court written propositions to be held as law in the decision of the case." This provision of the statute authorizes the offering of propositions of law to be passed upon by the court, so that questions of law arising in the case as to the applicability, force and effect of the evidence may be preserved and passed upon by courts of review. They are termed propositions of law to be held or refused by the court, in contradistinction to the instructions that are to be presented and given for the guidance of juries, but so far as their substance and form is concerned they must in all material respects be the same. Any form of stating a proposition of law that would not be proper in an instruction to a jury would likewise be improper when offered to the court trying a cause in the absence of a jury. Such propositions should state the law, only, and not assume a state of facts existing or attempt to find a given fact or state of facts. They should be framed upon a hypothesis which there are facts in the record tending to establish, and should ask the court that if those facts are found by the court, the law applicable to those facts is as stated in the propositions. As we said in *First Nat. Bank* v. *Northwestern Nat. Bank, supra* (p. 301): "The statute does not contemplate that under the cloak of written propositions of law a party litigant shall have the right to call upon the court

to find in his or its favor, *seriatim*, all the special or particular facts involved in the evidence; and, *dehors* the statute, it is not a common law function of a judge, in a common law action, to make special findings of fact."

In *County of LaSalle* v. *Milligan*, 143 Ill. 321, we said (p. 345): "Proposition 13, submitted by appellant, was properly refused. By it the court was required to hold as a fact that the sheriff had 'collected from sources other than the county, during each year of his term as sheriff, fees in excess of the salary or compensation allowed him by the board.' The fact is not stated hypothetically and the opinion of the court as to the law arising thereon asked, as may be done where the hypothesis assumed finds support in the evidence, but the court, if it held the proposition, was compelled to assume the fact as established. This is improper. The purpose of the statute is to enable the party to submit propositions with a view to obtaining the opinion of the court upon material and controlling principles of law only, and when the proposition calls for the opinion of the court upon a question of fact it may properly be refused. For aught we can know or are required to know the court found the fact directly at variance with the proposition."

The last remark of the court in the above quotation is quite applicable to the case before us. It is evident from the judgment of the court that upon all the questions of fact proposed by the appellants the court entertained a different view to that requested to be held. The views herein above expressed are but the reiteration of the declarations of this court in *Gilbert* v. *Sprague*, 196 Ill. 444; *O'Flaherty* v. *Mann*, id. 304; *In re Tobin*, id. 484; *Field* v. *Crawford*, 146 id. 136; *Board of Supervisors* v. *Commissioners of Highways*, 164 id. 574; *Order of Foresters* v. *Schweitzer*, 171 id. 325.

Whether the plank and stringers for which recovery is sought in this case were personal property, or whether they were trade fixtures which might be removed by the

tenant, or whether they had become attached to and a part of the realty and passed with the lease to appellants, were questions of fact, in determining which appellants were entitled, if they wished, to have the legal effect of any state of facts appearing in evidence passed upon by the court by propositions of law submitted for that purpose. The trial court found that the property sued for was personal property, for which recovery could be had, and gave judgment accordingly, and as the Appellate Court affirmed the judgment of the trial court we must presume that it found the facts the same way. There being, then, no further propositions or questions of law presented for our consideration, it becomes our duty to affirm the judgment of the Appellate Court, which is accordingly done.

*Judgment affirmed.*