GEORGE P. WALLNER, Defendant in Error, *vs.* THE CHICAGO CONSOLIDATED TRACTION COMPANY, Plaintiff in Error.

*Opinion filed April 21, 1910—Rehearing denied June 8, 1910.*

1. TRIAL—*grounds upon which motion to direct a verdict may be made.* The only grounds upon which a motion to direct a verdict for the defendant in a damage suit may be made are that the declaration does not state a cause of action or that the evidence does not fairly tend to support a verdict for the plaintiff, but it is not necessary to set out in such motion the particular defect of proof claimed to exist.

2. SAME—*question presented by motion to direct verdict is not necessarily whether there is evidence to support declaration.* The question presented by a motion to direct a verdict for the defendant in a damage suit is not necessarily whether there is any evidence tending to sustain the allegations of the declaration, but also whether there is any evidence legally tending to sustain a verdict against the defendant.

3. SAME—*effect where evidence of an affirmative defense is offered.* Where evidence of an affirmative defense, such as release or accord and satisfaction, is offered in a personal injury case, and such evidence is not contradicted or explained, it is proper to

direct a verdict for the defendant, even though all the averments of the declaration are proved.

4. SAME—*defense of release of joint tort feasor is within the scope of motion to direct a verdict—presumption as to argument.* Where evidence of a release of a joint tort feasor is offered in a damage suit and is not contradicted or explained, such defense is within the scope of a motion to direct a verdict for the defendant, and in the absence of a bill of exceptions showing the contrary it will be presumed that such defense was relied upon in the trial court on such motion.

5. SAME—*what is not a waiver of defense of release of joint tort feasor.* Where a motion to direct a verdict for the defendant, including within its scope the defense of a release of a joint tort feasor, has been denied, the defendant does not waive its right to insist upon such defense in a court of review by obtaining instructions submitting to the jury, as a question of fact, whether the plaintiff had received the money, and limiting plaintiff's damages to the amount, including the money received, which would compensate him for his injuries.

6. ACCORD AND SATISFACTION—*accord and satisfaction as to one joint tort feasor has same effect as to all.* The payment and acceptance of a sum of money in satisfaction of an unliquidated demand is a good accord and satisfaction, and an accord and satisfaction by one joint tort feasor has the same effect as to all.

7. SAME—*what tends to show accord and satisfaction by one joint tort feasor.* Where a suit begun against a railroad company and street railway company under a declaration charging them as joint tort feasors is dismissed as to the railroad company by the plaintiff, who testifies that he has received a sum of money from the railroad company on account of the accident and that he has no claim against it, an accord and satisfaction by one joint tort feasor is established, which entitles the other to a verdict, in the absence of any denial or explanation of such testimony.

VICKERS, C. J., and CARTER, J., dissenting.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

JOHN A. ROSE, and FRANK L. KRIETE, (W. W. GURLEY, of counsel,) for plaintiff in error.

JAMES G. CONDON, and THOMAS J. CONDON, (IRVIN I. LIVINGSTON, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The defendant in error, while a passenger upon a street car of the Chicago Consolidated Traction Company, the plaintiff in error, was injured by a collision with a train of the Chicago, Milwaukee and St. Paul Railroad Company. He sued both corporations in an action on the case. The plaintiff in error appeared and filed the general issue. The railroad company did not appear, and the cause, on the motion of the defendant in error, was discontinued as to it. On a trial the defendant in error recovered a judgment against the plaintiff in error, which the Appellate Court affirmed. The only question presented on this appeal is whether there was an accord and satisfaction between the defendant in error and the railroad company, which was charged as a joint tort feasor with the plaintiff in error.

The only evidence on the question of an accord and satisfaction was the following testimony of the defendant in error himself:

Q. "You have received from the railroad company a thousand dollars on account of this accident, haven't you?

A. "I believe so.

Q. "On account of your injury?

A. "Yes, sir.

Q. "So you don't have any claims against it now?

A. "No, sir. * * * I made this arrangement,—got the money from the St. Paul road,—about October of last year.

Q. "They were sued jointly with the street car company in this case? When you started the suit you started it against both of them?

Mr. Condon: "When I started it?

A. "Yes, sir.

Mr. Baily: "When your lawyer started it; yes, that is the better way to put it.

A. "Yes, sir."

There is no doubt that a release of one of several joint tort feasors releases all and that an accord and satisfaction by one joint tort feasor has the same effect as to all. (*City of Chicago* v. *Babcock,* 143 Ill. 358; *West Chicago Street Railroad Co.* v. *Piper,* 165 id. 325.) It is equally certain that payment and acceptance of a sum of money in satisfaction of an unliquidated demand is a good accord and satisfaction. (*Ennis* v. *Pullman Palace Car Co.* 165 Ill. 161.) The evidence here is meager but it is uncontradicted. After bringing suit against both corporations jointly, the defendant in error received of the railroad company $1000 on account of his injury and dismissed his suit as to it, having no further claim against it. This evidence indicates that the payment of $1000 was received in satisfaction of the liability of the railroad company, which was thereby relieved of all further liability on account of the injury. If the facts of the payment and acceptance of this sum, the dismissal of the suit against the railroad company, and the statement of the defendant in error that he had no further claim against it, are capable of another construction, the burden of furnishing the explanation or qualification which would give them a different effect was upon the defendant in error.

The question of accord and satisfaction was raised by motions made at the close of the plaintiff's evidence and at the close of all the evidence to direct a verdict for the defendant. It is insisted on behalf of the defendant in error that these motions did not preserve the question for review because they were general and did not set forth the grounds upon which they were made. The only grounds upon which such a motion can be made are that the declaration does not state a cause of action, or that the evidence, with all reasonable inferences to be drawn therefrom, taken

most strongly against the maker of the motion, does not fairly tend to support a verdict for the plaintiff; and it is not necessary to set out in such motion the particular defect of proof claimed to exist. The party making the motion may rely upon the failure of proof in any respect necessary to sustain a verdict. The question presented by such a motion is not necessarily, as insisted upon by defendant in error, whether the evidence tends to support the allegations of the declaration, but is whether there is evidence legally tending to sustain a verdict against the party making the motion. (*Wolf* v. *Chicago Sign Printing Co.* 233 Ill. 501.) The question therefore depends upon the character of the issue. Where evidence of an affirmative defense is offered, as in this case, it is proper to direct a verdict for the defendant, even though all the averments of the declaration are proved, if the evidence of the affirmative defense is not contradicted or explained.

It is contended in behalf of defendant in error that the use of the words "on account of," in connection with the payment, indicates a partial payment rather than a full settlement. The fact that the effect of the payment was to extinguish the claim of the defendant in error answers this position. A payment "on account of the accident" means a payment because of the accident, and may be either on account or in full settlement. The defendant in error stated that he had no claim, and the legitimate inference is that the payment was a full settlement. No explanation of the language being offered, it must be given its ordinary meaning.

It is insisted that the defense arising out of the release of a joint tort feasor was not made or argued in the trial court on the motion to direct the verdict. On this question we can look only to the record. Such defense was within the scope of the motion. The defendant had a right to rely upon it, and we must presume that it did so in the absence of a showing in the bill of exceptions to the contrary.

It is further insisted that it does not appear that the plaintiff in error and the railroad company were joint tort feasors, and that the payment of money by one who is not, in fact, a joint tort feasor, and his release, does not discharge others who may be liable. Without deciding the correctness of this legal proposition, it is sufficient to say that the declaration charges the plaintiff in error and the railroad company as joint tort feasors; that the uncontradicted evidence shows that at the time of the collision the railroad company was running its train at a speed in excess of that allowed by the ordinance of the city, and that the street car was backing off of the crossing when it was struck.

It is contended that the plaintiff in error having requested instructions, which were given, submitting to the jury, as a question of fact, whether the defendant in error received $1000 from the railroad company in settlement of its liability, and stating that if defendant was found guilty only such amount should be allowed plaintiff in the assessment of damages as, together with what he had already received from the railroad company, would compensate him for his injury, thereby conceded that the evidence was subject to more than one interpretation, and cannot now insist that it is subject only to the one interpretation which required a verdict in its favor, but is bound by the theory of the case indicated by these instructions. These instructions were not requested by the plaintiff in error until after the adverse decision of its motion to direct a verdict. The court having refused, on this motion, to adopt the theory of the plaintiff in error, it was not obliged to abandon its defense on penalty of waiving its right to question, on appeal, this decision of the court. If it proceeded further it must do so according to the court's view of the law, and did not thereby waive its right to question that view in the Appellate Court through its exception taken to the decision of its motion. *North Chicago Electric Railway Co.* v.

*Peuser,* 190 Ill. 67; *Illinois Central Railroad Co.* v. *Swift,* 213 id. 307; *Chicago Terminal Railroad Co.* v. *Schiavone,* 216 id. 275.

The judgment of the Appellate Court and of the circuit court will be reversed and the cause remanded to the latter court for a new trial.    *Reversed and remanded.*

VICKERS, C. J., and CARTER, J., dissenting.