James Adams, Plaintiff in Error, v. James T. Hall, Defendant in Error.

Gen. No. 16,273.

1. MUNICIPAL COURT—*when finding and judgment at close of plaintiff's case proper.* Where a case is tried by the court and the court is of opinion that upon the evidence produced on behalf of the plaintiff no recovery can be had, it is proper to find against the plaintiff and to enter judgment against him.

2. BROKERS AND FACTORS—*what essential to recovery of real estate commissions.* The rule requiring the purchaser produced by the broker to be "ready, willing and able to purchase", means that such purchaser must possess these qualifications before the broker is entitled to demand that the owner do anything in the matter.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 28, 1912.

HARRY J. LURIE, for plaintiff in error.

HENRY W. WOLSELEY, for defendant in error.

MR. JUSTICE McSURELY. delivered the opinion of the court.

James Adams, plaintiff in error, brought suit against James T. Hall, defendant in error, in the Municipal Court to recover $500, claimed as commissions earned· by Adams as a real estate broker, for procuring a purchaser of premises owned by Hall, ready, willing and able to purchase said premises upon the terms and conditions named by Hall. The proposed sale was not consummated.

The case was tried below by the court, and at the close of plaintiff's case upon motion of defendant's attorney the court found for the defendant and entered judgment against the plaintiff for costs, which action by the court is now before us.

While it is true that the motion was in the nature

of a demurrer to the plaintiff's evidence, and the general rule is that where there is any evidence tending to support plaintiff's claim demurrer will not lie, yet where the case is tried by the court and the court is of the opinion that upon the evidence produced on behalf of the plaintiff no recovery can be had, we see no objection to the court so finding and entering judgment on the finding.

There is no disagreement between the respective parties on any points of law; neither is there any serious controversy as to the facts. The only question is as to the probative effect of the evidence introduced on behalf of plaintiff.

We shall allude only to that feature of the evidence wherein, in our opinion, plaintiff failed to prove a necessary condition to his right to recover. We do not find that Adams produced a purchaser "ready, willing and able" to purchase the property in question. After much bargaining, the final proposition made by Hall in writing, through his agent, Gleason, was to sell to Adams' client for "$23,000 net"—$10,000 cash and $13,000 secured by first mortgage, with interest at 5½%. It is not disputed that the client produced by Adams had only $6,000 with which to make the cash payment on the purchase price. His proposal was to raise the $4,000 required to make up the $10,000 cash payment by borrowing it from some third party upon a second mortgage on the property. There is no evidence that such a second mortgage could be negotiated. The result of any attempt to make it was wholly problematical. The questions asked of the witness Adams on that point simply called for his conclusions, and objections thereto were properly sustained. The rule in cases of this sort, requiring the purchaser to be "ready, willing and able to purchase," means that he must possess these qualifications before he is entitled to demand that the owner do anything in the matter. The proposed purchaser

here at no time possessed these qualifications, and the owner was not bound to act upon the more or less remote contingency that the purchaser might become qualified in the future.

Other points are suggested in argument in support of the judgment, some of which are equally conclusive, but it would serve no useful purpose to comment upon them.

The finding of the trial court was right, and the judgment is affirmed.

*Affirmed.*