Drusilla N. Pierce, Appellant, v. Jay Fred Reeve, Appellee.

Gen. No. 41,104.

BURKE, J., dissenting.

Opinion filed June 19, 1940. Rehearing denied September 10, 1940.

Donald A. Bissell and Bissell & Bissell, all of Chicago, for appellant; Clyde C. Fisher, of Chicago, of counsel.

Kirkland, Fleming, Green, Martin & Ellis, of Chicago, for appellee; Howard Ellis, J. B. Martineau and John M. O'Connor, Jr., all of Chicago, of counsel.

Mr. Justice Hebel delivered the opinion of the court.

On August 27, 1936, the plaintiff secured a judgment by confession against the defendant in the sum of $12,-645. The note was signed by the defendant, Jay Fred Reeve, payable to the order of the plaintiff, Drusilla N. Pierce, dated November 25, 1929, and due 6 months after date, in the sum of $9,000, with interest after date at the rate of 6 per cent per annum.

From the record in this court, it appears that on September 23, 1936, the defendant filed a verified petition to set aside the judgment by confession, alleging *inter alia* that there was no consideration received by defendant from the plaintiff on account of the note. From the petition filed by the defendant to set aside and vacate the judgment entered by confession against him on August 27, 1937, the defendant, as a part of the petition, states that there was purchased through the Foreman Trust and Savings Bank at defendant's suggestion and authorization certain shares of stock on the New York Curb and Chicago Stock Exchange, said stocks being delivered to and paid for by the plaintiff's bank; that defendant did not receive delivery of said stocks or have possession of any of the funds with which the same was purchased; that the defendant received nothing whatever in connection therewith, and had no agreement of any kind to receive anything in connection therewith from anyone; that said stocks later declined in their market value and said note was given by defendant to plaintiff to cover the aforesaid loss, with the oral understanding that said note would be paid at

the financial convenience of the defendant and that no suit would ever be brought thereon; that the same would be secured by certain life insurance on defendant's life; that said note would be payable only in the event the payment of same was convenient to the defendant during his lifetime, and if not convenient, then upon his death, the same would be paid out of the proceeds of said life insurance, which policies defendant simultaneously delivered to plaintiff with the delivery of said note.

The plaintiff filed her answer to the said petition wherein she vigorously denied that there was no consideration given for said note. On October 1, 1939, at the conclusion of the hearing on said pleadings, the court ordered said judgment by confession to be opened and stand as security; that defendant's petition stand as defendant's answer to the complaint herein and plaintiff's answer to said petition stand as plaintiff's reply thereto.

Upon the trial before the court without a jury, the judgment note was received in evidence as plaintiff's exhibit No. 1, and the assignment of certain life insurance policies made by the defendant to the plaintiff was received in evidence as plaintiff's exhibit No. 2. The note in question is in words and figures as follows:

"November 25, 1929

"Six months after date, for value received, I promise to pay to the order of Drusilla N. Pierce Nine Thousand and no/100 Dollars, at Chicago, Ill., with interest at 6 per cent. per annum after date until paid.

"And to secure the payment of said amount . . . hereby authorize, irrevocably, any attorney of any Court of Record to appear for . . . in such Court, in term time or vacation, at any time hereafter, and confess a judgment, without process, in favor of the holder of this Note, for such amount as may appear to be unpaid thereon, together with costs and . . . dollars attorney's fees, and to waive and release all

errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that . . . said attorney may do by virtue hereof.

"Jay Fred Reeve."

At the time of the execution and delivery of the note by the defendant to the plaintiff, defendant delivered to the plaintiff an assignment of certain life insurance policies made by the defendant to the plaintiff, which assignment is as follows:

"Nov. 25/1929

"For Value Received I hereby assign transfer and set over to Drusilla N. Pierce all my right title and interest in & to policies No. 4803871–4803876, 4803873–4803874, which policies I have this day assigned to *Drusilla N. Pierce* and delivered to her, and I hereby authorize her to have herself substituted as beneficiary in said policies. This assignment is intended as security for a certain promissory note in the sum of nine thousand dollars, which I have this day executed & delivered to Drusilla N. Pierce. In witness whereof I have hereunto set my hand and seal this Twenty fifth day of November 1929.

"Jay Fred Reeve (Seal)"

After the court heard the evidence that was introduced by the plaintiff the defendant presented a written motion to find the issues in favor of the defendant and against the plaintiff, which motion the court allowed and entered judgment accordingly, and it is from this judgment that the plaintiff appeals to this court.

From the statement of facts as outlined in the plaintiff's brief, as we have already indicated, this case was tried before the court without a jury on June 6, 1939, and it is stated as a fact that outside of the documentary evidence, it consists entirely of the testimony of the plaintiff, and it is suggested that the record discloses

that Mrs. Pierce is greatly lacking in business experience; that her memory is exceedingly poor as to the details of transactions that most people would remember.

The deposition of the plaintiff was taken by defendant's counsel on December 19, 1938, and this deposition was received in evidence by stipulation. Plaintiff is the divorced wife of Dr. Norval Pierce, and the defendant, Jay Fred Reeve, as her attorney, appeared for her and was her attorney at the time the court entered a decree of divorce for her from Dr. Pierce in 1928. After that time, defendant prepared her will. The note of the defendant, payable to the order of plaintiff, on which the judgment by confession was obtained, was received in evidence and also the assignment of certain life insurance policies from the defendant to the plaintiff.

From the further statements it appears that Mrs. Pierce was in defendant's office about her divorce case and Mr. Reeve asked her if she wanted to make some money. This was over a year before November 25, 1929, the day the note and assignment in question were executed and delivered. She gave Mr. Reeve authority to purchase 500 shares of Great Lakes Aircraft Corporation stock. She paid for this with a check for $1,000, and later with a check for $10,200. In order to do this, Mrs. Pierce borrowed $11,500 from the Foreman National Bank and gave the bank her note therefor.

It also appears that she had an agency account with this bank and the bank handled numerous stocks, bonds and mortgages for her, and sent her a statement every month. The stock was purchased about November 28, 1928, for the account of the plaintiff, through the broker, A. B. Leach & Co.

On December 17, 1928, Mrs. Pierce instructed the Foreman Trust and Savings Bank to sell 500 shares of Great Lakes Aircraft stock, when so directed by her attorney, Fred Reeve. On July 1, 1929, she again in-

structed the bank to hold this stock upon the order of J. Fred Reeve.

When her deposition for discovery was taken, Mrs. Pierce testified: "I told Fred very definitely that I wanted him to sell the stock if he could and pay my note at the bank; that was my definite instruction. . . . He agreed to sell the stock for me, that was the agreement."

The defendant sold 300 shares of Great Lakes Aircraft Corporation stock in July, 1929, for the plaintiff, in conformity with his instructions from her, but contrary to her instructions, instead of paying plaintiff's note at the Foreman Bank, the defendant purchased 500 shares of Canadian Marconi stock, listed on the New York Curb. After the purchase of this Marconi stock, the defendant confirmed the transaction by letter to the Foreman Bank. Mrs. Pierce testified that she first discovered that this Marconi stock had been purchased when she got her statement from the bank and saw among other items a transfer of this stock against her account, and that she went down to the bank to find out about it. She first called to see Mr. Bissell, who was then an officer of the Foreman Bank, and he directed her to a Mr. Izard, who had charge of the stocks and bonds.

As Mrs. Pierce was leaving the bank, she met the defendant and said: "What do you mean by selling my stock and speculating with the money you got from it?" He said, "We can't talk here, come over to my office."

It further appears that she was very much annoyed and told him that he knew her instructions were to sell the stock and pay the note at the bank, and that finally, Mr. Reeve said, "Well, all right, if that is the way you feel about it, I will give you a Note for your loss," and that then he gave Mrs. Pierce a note; that she did not know what the loss was, but Mr. Reeve figured it out himself.

It is suggested by the plaintiff that she testified at the trial, 6 months later, exactly as she did on her deposition, with a few minor changes; that on November 25, 1929, Mr. Reeve gave her the judgment note that bears his signature and the assignment also signed by him; and that nothing has been paid on the note.

The defendant contends that the plaintiff herself proved the defense of lack of consideration, and agrees with the plaintiff that, under section 24 of the Negotiable Instruments Act, every negotiable instrument is deemed prima facie to have been issued for a valuable consideration. This section (ch. 98, par. 44, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 89.044]) provides as follows:

"44. PRESUMPTION OF CONSIDERATION OF PARTIES. § 24. Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value." Defendant further agrees with the authorities that the burden is on the defendant to establish the absence of consideration; and urges that the defendant has successfully met this burden by reason of the fact that the plaintiff herself proved the affirmative defense of lack of consideration relied on by the defendant, and that the court so found.

The defendant further contends that the plaintiff testified that she did not give defendant anything for the note, that she was not asserting any claim or threatening anything, and it is upon that theory that the defendant argues that the court did not err in granting defendant's motion to find the issues in favor of defendant.

When we come to consider the questions that are involved in this appeal we find that the motion to find the issues for the defendant was made at the close of plaintiff's case, and it does not appear from anything that is before us that the motion was made at the close of all of the evidence so that the trial court could consider the motion of the defendant from that angle. The rule that

has been adopted by our Supreme Court in *Helm v. Illinois Commercial Men's Ass'n,* 279 Ill. 570, that has a bearing upon the question that is before us, said: "In a trial before the court without a jury a legal question, only, is raised by demurring to the evidence. The same question may be raised by submitting a proposition to the court or by a motion to find for the party. A motion to find for the defendant and to dismiss the suit at the plaintiff's cost raises the same legal questions as a demurrer to the evidence by the defendant in a trial before the court. (*Conway v. Garden City Paving Co.,* 190 Ill. 89; *Smith v. Billings,* 169 id. 294; *McMicken v. Safford,* 197 id. 540.) If the court sustains the motion, judgment necessarily follows in favor of the party making the motion. The motion raises only a question of law as to the legal sufficiency of the evidence to sustain a verdict against the party making the motion. (*Wolf v. Chicago Sign Printing Co.,* 233 Ill. 501.) If there is no evidence, or but a scintilla of evidence, tending to prove the material ultimate facts necessary to sustain the plaintiff's cause of action, such a motion by the defendant should be sustained; but if there is in the record any evidence, although contradicted, which the court can reasonably say fairly tends to prove all the ultimate facts necessary to entitle the plaintiff to judgment, then the court should overrule the motion, unless there is also uncontradicted evidence in the record that establishes an affirmative defense for the defendant. (*Libby, McNeill & Libby v. Cook,* 222 Ill. 206.) Where evidence of an affirmative defense is offered by the plaintiff it is proper to sustain such a motion by the defendant, even though all the material facts necessary to sustain plaintiff's cause of action have been proven, if the evidence of the affirmative defense is not contradicted or explained. (*Wallner v. Chicago Consolidated Traction Co.,* 245 Ill. 148.) Should such a motion be denied, the court, in effect, by that decision announces that the plaintiff is entitled to have a finding on the

questions of fact, and should at once proceed to determine the question of the preponderance of the evidence unless further evidence is introduced, and render judgment accordingly. It is not requisite, under our practice, that either party should ask the court to decide the question of fact after overruling such a motion where there is no jury, or to submit the case to a jury where a motion for a directed verdict has been overruled. (*Wolf v. Chicago Sign Printing Co., supra.*) In a case before a court without a jury, if at the close of the plaintiff's evidence the defendant does not desire to introduce any evidence and desires the court to take the case on the evidence of plaintiff and weigh it and make a finding of the facts and render judgment accordingly, he should plainly so inform the court. The court may then weigh the evidence, determine the question of a preponderance thereof and enter judgment accordingly. If only a motion to find for defendant is made it must be understood that it only raises a question of law, as heretofore explained, and on such a motion the court cannot weigh the evidence and finally settle the issues of fact until the question of law is settled in favor of the plaintiff. If that question of law is not in some way raised and preserved for review by this court this court cannot consider that question of law, however insufficient the evidence might appear to support the judgment of the court. (*Cothran v. Ellis,* 125 Ill. 496.) This was evidently the purpose of appellee in making the motion in question, that it might preserve the same for review in this court had the court ruled against it. It is also appellants' right to have that question of law reviewed in this court after first having submitted it to the Appellate Court.''

Upon consideration of this question it is necessary to have the court consider the motion which was offered by the defendant and approved by the trial court. This motion is in this language: ''Now comes the defendant, at the close of the Plaintiff's case, and moves the Court

to find the issues in favor of the defendant and against the plaintiff for costs." This motion was allowed by the court.

So when we come to consider the questions that have been presented, it is a question of law that should have been decided by the trial court, and, as was held by the Supreme Court in the case first above cited, if at the close of plaintiff's evidence the defendant does not desire to introduce any evidence and desires the court to take the evidence, weigh it, and make a finding of facts and render the judgment accordingly, defendant should have plainly so informed the court. This was not done in the instant case.

So, when we come to the questions of fact, we find that a judgment note was prepared and executed by the defendant in the sum of $9,000, payable 6 months after date. In considering the questions, we are to consider the pleadings of the parties. We find from the verified petition that was filed by the defendant to set aside and vacate the judgment, that he states the reason for the execution of the judgment note, together with the assignment of certain life insurance policies to be paid to the plaintiff in case the note was not paid in the lifetime of the defendant, is that the judgment note was given to cover the aforesaid loss, and, from the evidence in this case, it is apparent that plaintiff sustained a loss and that defendant violated her instructions to him in not taking the money which he received from the sale of the Great Lakes Aircraft Corporation stock and applying it in payment of the note that was held by the Foreman Trust and Savings Bank. There is also the evidence of how the execution of the note in question was brought about, as hereinbefore indicated, that the plaintiff met the defendant when she was in the bank to inquire as to the reason for the charge in her account for the transfer of the Canadian Marconi stock, at which time she said, "What do you mean by selling my stock and speculating with the money you got from it?" to which

defendant replied, ''We can't talk here, come over to my office.'' She went over to the office of the defendant where he prepared the judgment note, computed the amount that was due because of the loss suffered by the plaintiff, fixing the amount at $9,000, and made the note payable 6 months after date, which was based upon a sufficient consideration; then, in addition to that, he prepared an assignment of certain life insurance policies payable to the plaintiff.

Defendant's defense, as outlined, is that defendant was to pay the amount of the note at his convenience, and although he fixed the maturity of the note 6 months after date, still he presented to the court his verified petition on this theory of his defense.

When we consider the state of the pleadings, it is the rule that has been adopted by our courts of appeal that where allegations are contained in the pleading of one of the parties, it is not necessary to offer evidence of the facts alleged if they are admitted by the pleading of the other party. One case which we cite, which is one of many, in support of this rule is *Macaulay v. Jones,* 295 Ill. 614. As we have indicated, the defendant did not state to the trial court that he did not wish to offer any evidence or had closed his case and was desirous of the court's passing upon the questions of fact in the record and that the court weigh the evidence and render judgment for either of the parties as to the court seemed entitled from the evidence introduced.

We are of the opinion that there was sufficient evidence in this record that, as a question of law, it being a question of law, for the court to consider, that would justify the court in denying the motion of defendant and sufficient to sustain plaintiff's case, and that upon the state of the record the defendant would be obliged to offer evidence of his defense and, at the close of all of the evidence, the court would finally determine the question as to whether upon the facts appearing in the record, the defendant's affirmative defense had been proven.

For the reasons stated the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

DENIS E. SULLIVAN, P. J., concurs.

MR. JUSTICE BURKE dissenting: The issue to be determined is whether there was consideration for the note. Defendant does not challenge the assertion of plaintiff that under section 24 of the Negotiable Instruments Act (par. 44, ch. 98, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 89.044]), the note is deemed prima facie to have been issued for a valuable consideration, and that the burden is upon the defendant to establish the defense of absence of consideration by a preponderance of the evidence. Plaintiff could have rested her case after the introduction of the note. After making out a prima facie case, however, she testified as to the transaction surrounding the giving of the note. By stipulation, a pretrial deposition of plaintiff, taken at the instance of defendant, was introduced as a part of the record in the instant trial. The rule in this State is that the court may, at the close of plaintiff's case, find for the defendant where the evidence of plaintiff proves the affirmative defense relied upon by the defendant. (*Wallner v. Chicago Consol. Traction Co.*, 245 Ill. 148; *Nelson v. Stutz Chicago Factory Branch*, 341 Ill. 387, 396; *Cox v. Aetna Casualty & Surety Co. of Hartford, Conn.*, 286 Ill. App. 515. In *Adams v. Hall*, 168 Ill. App. 569, this court said:

"While it is true that the motion was in the nature of a demurrer to the plaintiff's evidence, and the general rule is that where there is any evidence tending to support plaintiff's claim demurrer will not lie, yet where the case is tried by the court and the court is of the opinion that upon the evidence produced on behalf of the plaintiff no recovery can be had, we see no objection to the court so finding and entering judgment on the finding." The testimony of plaintiff on cross-examination disclosed that there was no actual consid-

eration. Plaintiff argues that the consideration consisted in her relinquishment of a claim she had against defendant because of defendant's alleged violation of her instructions to apply the proceeds of the sale of the Great Lakes stock in payment of her debt to the bank. She testified, however, that she did not give him anything for the note; that the parties were friendly, and that she was not making any threats to sue him, or to make trouble for him. She does not claim that she relinquished any cause of action that she may have had against him. She suggests that the giving of the note had the effect of lulling her into a sense of security that she would recoup her losses therefrom, and that thus relying on the note she allowed the statute of limitations to run as to the cause of action, which the note superseded. This argument is invalid, as the note, by its terms, was payable 6 months after date. Therefore, she could have sued him on the note after 6 months had elapsed. If she confessed judgment against him shortly after the note became due and he defended that action on the ground of lack of consideration, she would then have ample time to amend her complaint so as to include a count in the alternative, based on the alleged violation of instructions.

The only testimony offered was that of plaintiff. Her cross-examination very materially weakened her testimony on direct examination. Her testimony is no stronger than it is made by her cross-examination. The presumption of consideration was destroyed when the plaintiff, in attempting to prove an actual consideration, showed that there was no such actual consideration. In *Blanshan v. Russell,* 52 N. Y. S. 963, the court said, p. 964: "It is true that the recital 'for value received' in a note imports a consideration, and the burden is upon the defendant to overcome the presumption arising therefrom. But if the plaintiff upon the trial proves that the note was made and delivered for a consideration that the law does not recognize as sufficient to sus-

tain the promise, the burden which rested upon defendant has been met by the evidence in the case quite as effectively as if it had been introduced by the defendant himself.'' The testimony of plaintiff also showed that she knew of the purchase of the Marconi stock shortly after such purchase was made. The purchase was made about two months prior to the stock market collapse of October, 1929. She did not repudiate the transaction until November, 1929. The trial judge was sitting both as a trier of the facts and as a judge of the law. He did not believe her testimony. It would be idle for him to force the defendant to introduce evidence of his defense when such defense was established by the plaintiff's testimony. Had the plaintiff rested after introducing the note, the defendant could have called plaintiff to the stand under section 60 of the Civil Practice Act [Ill. Rev. Stat. 1939, ch. 110, sec. 184; Jones Ill. Stats. Ann. 104.060] and introduced the same testimony as she introduced in proving her case. It would then be the duty of the trial judge to decide the issues of fact and law. As the case stood, he heard everything on which the plaintiff relied and found against her. After all the evidence had been introduced and the court had indicated his views, a recess was taken, and she was given an opportunity to present further testimony. She could have called the defendant to the stand under the provisions of section 60 of the Civil Practice Act. She did not do so. The defendant was under no obligation to take the stand. Evidently, both the defendant and the court concluded that the plaintiff had affirmatively established the defense of lack of consideration for the note. I am of the opinion that the action of the trial court was in accordance with the law and the evidence, and that the judgment should be affirmed.