Herbert I. Spitzer, Appellant, v. Bradshaw-Praeger and Company, Appellee.

Gen. No. 46,723.

First District, Second Division.

May 29, 1956.

Released for publication June 19, 1956.

A. Bradley Eben, and Richard F. Watt, both of Chicago, for appellant.

McCarthy, Witry, Lyon & McCarthy, and Vogel & Vogel, all of Chicago, for appellee.

446

JUDGE SCHWARTZ delivered the opinion of the court.

This is a suit to recover damages arising from breach of warranty of the fitness of an ingredient supplied to plaintiff by defendant for use in the manufacture of hair lacquer. At the close of plaintiff's case defendant presented motions to find the issues in its favor. The court sustained the motions and dismissed the suit. In so doing the court did not restrict its examination of the evidence to that which was favorable to plaintiff and to all reasonable inferences in favor of plaintiff to be drawn therefrom but, as clearly appears from his oral opinion, considered where the preponderance of the evidence lay.

█ Defendant admits that with respect to jury cases the rule is that only evidence favorable to the plaintiff and reasonable inferences therefrom may be considered on such a motion, but argues that it ought to be different in cases tried by the court without a jury. That question has often been passed upon by our courts, and it has been specifically held that the same rule is applicable in nonjury as in jury cases. Helm v. Illinois Commercial Men's Ass'n, 279 Ill. 570 (1917); Crerar v. Daniels, 209 Ill. 296 (1904); First Nat. Bank v. Northwestern Nat. Bank, 152 Ill. 296 (1894); Taber v. Defenbaugh, 9 Ill.App.2d 169. It is true that Adams v. Hall, 168 Ill. App. 569, cited by defendant in support of its position, does glance in the other direction. However, that myopia was definitely corrected by the subsequent decisions we have before cited.

█ Another assignment of error relates to a ruling by the court upon the evidence. Plaintiff offered the testimony of one Lerner as a witness to a conversation had with defendant's deceased sales representative Allen. An objection was made on the ground that Section 4 of the "Deadman's Statute" (Ill. Rev. Stat. 1955, Ch. 51, Sec. 4) applied. The court sustained the objection. The section in question provides that a party to

447

a suit who has contracted with an agent of the adverse party—the agent having since died—shall not be a competent witness as to any admission or conversation between himself and such agent, except under conditions which are prescribed and which are not applicable here. In the instant case Lerner was not a party to the suit. In making his objections counsel for defendant said ". . . these gentlemen on the evidence were joint inventors, one the agent of the other, and the evidence is not competent." The evidence does not support the statement contained in that objection but even if it did, the witness would still be competent. There was no basis for the court's rejection of this evidence. Reilly Tar & Chemical Corp. v. Lewis, 326 Ill. App. 117 (1945); Warszawa v. White Eagle Brewing Co., 299 Ill. App. 509 (1939).

■ Defendant argues that there is a certain unfairness in the admission of testimony to a conversation with a man who is dead and who cannot deny it and that therefore the court ought to reject the offered testimony. This court cannot extend the area of disqualification. The fact is that in recent years the trend has been to the contrary—to remove the disqualification. We discussed this in Pink v. Dempsey, 350 Ill. App. 405 (leave to appeal denied 415 Ill. 631), where the plaintiff, whom we held to be disqualified, argued that the statute was unjust as to her. We felt there was still essential wisdom in the Deadman's Statute and did not concur in the argument that its application ought to be attenuated by construction. On the other hand, we cannot enlarge it. On a retrial of the instant case the court should admit the testimony offered.

■■ Defendant makes the point that the abstract of record does not reveal one of the necessary elements of plaintiff's case, that is, that he was damaged by reason of a breach of warranty. We have looked at the record sufficiently to observe that there is a considera-

ble amount of evidence purporting to bear on the question of damages although it has not been abstracted for us. Plaintiff's excuse is that the trial court specifically stated there was no need to consider the question of damages and did not pass thereon, basing its ruling on the grounds we have discussed. Therefore, plaintiff on taking his appeal submitted an abstract based upon those errors which he charged and which we have discussed. Under such circumstances plaintiff was justified in assuming it was not necessary to abstract that portion of the record relating to damages. This is a case in which the defendant should have filed an additional abstract if it desired to make an issue on damages, a point not decided in the court below. (Joyce v. Blankenship, 399 Ill. 136.) In Derkers v. Vaughan Co., Inc., 348 Ill. App. 407, cited by defendant, the appellant failed to abstract any of the evidence although an issue of fact was involved and argued. Monarski v. Greb, 407 Ill. 281, 291, and Village of Dolton v. Harms, 327 Ill. App. 107, 113, also cited by defendant, are authority for the proposition that courts will sustain a decree on any ground warranted by the record even though it is not one of the reasons asserted by the trial court. That is to say, where the trial court arrives at a correct conclusion but for the wrong reasons, a reviewing court will nevertheless affirm. That is not what the defendant is seeking in the instant case. Here, defendant seeks to take advantage of the fact that plaintiff did not abstract that portion of the record which had to do with damages. As we have stated before, however, there was good and sufficient reason for such omission.

■ Defendant also argues that it is not liable because plaintiff continued to sell the product in question after he knew the ingredient was harmful. That, under the circumstances of this case, would be an argument in mitigation of damages.

449

■ Applying the rules which we here hold to be correct, there can be no doubt there was ample evidence to sustain plaintiff's case.

The judgment is reversed and the cause is remanded with directions to take such further proceedings as are consistent with the conclusions herein stated.

Judgment reversed and cause remanded with directions.

McCORMICK, P. J. and ROBSON, J., concur.