**John Engels, Plaintiff-Appellant, v. R. Antos, Defendant-Appellee.**

Gen. No. 52,319.

First District, Third Division.

September 19, 1968.

James L. Tuohy, of Chicago (John L. Martin, of counsel), for appellant.

Walter C. Wellman, of Lyons, for appellee.

478

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff sued to recover damages sustained in a collision between two automobiles. In a nonjury trial the court found for the defendant at the close of plaintiff's case, and the plaintiff now appeals from that judgment. The facts follow.

Plaintiff first called defendant as an adverse witness under section 60 of the Civil Practice Act. Defendant testified that on the day of the accident he got into his car, which was parked facing north on Vernon Street in Brookfield, Illinois, started the engine and prepared to move from his parking space. He looked to the rear and then forward and saw a truck proceeding in a southerly direction. He waited until the truck had passed and looked again to the rear. Seeing only the rear of the truck which had just passed, he looked again to the north and began to pull out into the street. He further testified that a very short time had elapsed between the time he saw the rear of the truck and the time he looked north and pulled out; that as he was pulling out, the plaintiff's right front fender struck the left rear quarter panel of his car; and that he did not see the plaintiff's car, which was traveling north on Vernon Street, until after the collision.

The only other testimony was that of the plaintiff himself. He testified that he was traveling north on Vernon Street at a speed of about ten miles per hour and that the street was icy. He saw a truck drive toward him and pull in to park about two or three parking spaces behind defendant's car on the same side of the street. He then saw the defendant move his car one or two feet into the street. At that time he estimated that he was going less than ten miles per hour and that he was about thirty feet from the defendant. He testified that he applied his brakes and down shifted, but could not stop his car from

479

sliding into the defendant's car. He further testified that after hitting defendant's car he "slid off" into the curb and then struck another car. He stated that the defendant's car was half way out into the street when he hit it. Thereupon the plaintiff rested his case and the court on defendant's motion made a finding for the defendant and entered judgment thereon.

Plaintiff contends that the trial court erred in finding in favor of defendant at the close of plaintiff's case. He argues that the same rule applies here as applies in directing verdicts and that it makes no difference whether the case is tried with or without a jury. Spitzer v. Bradshaw, Praeger & Co., 10 Ill App2d 445, 135 NE2d 114. The instant case differs from the Spitzer case, however, in that here the judge had heard both parties and it was apparent that nothing more could be added to the evidence which had not already been adduced at the trial. Both parties had testified fully as to their versions of the collision. Plaintiff's own testimony showed that he was driving on a narrow, icy street at a speed which did not permit him to slow down enough in thirty feet to prevent a collision of such force as to cause his car to hit the defendant's car and then bounce into a curb and from the curb into another car.

The trial judge having heard all the evidence available to both parties was convinced that his finding should be for the defendant. To have proceeded any farther would have been a waste of the court's time. The judgment will be affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.