**SPRAYING SYSTEMS CO., Plaintiff,**

v.

**WILLIAM G. SMART COMPANY, INC., Defendant.**

**No. 91 C 1049.**

United States District Court,
N.D. Illinois, E.D.

March 20, 1992.

---

Marc D. Janser, Pedersen & Houpt, Chicago, Ill., for plaintiff.

Francis X. King, Law Offices of Francis X. King, P.C., Grosse Point Woods, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On January 3, 1992 this Court, in an oral bench ruling, denied what plaintiff Spraying Systems Co. ("Spraying Systems") had characterized as a Fed.R.Civ.P. ("Rule") 56 motion for summary judgment.[1] In the course of that denial, this Court held that witnesses Robert Mueller and George Worthington were *not* rendered incompetent to testify for then defendant William Smart ("Smart") under the Illinois Dead Man's Act (either Ill.Rev.Stat. ch. 110, ¶ 8–201 or *id.* ¶ 8–301[2]), while at the same time it ruled that Smart himself was squarely barred from testifying by the express language of Section 8–301:

[I]n every action or proceeding a party to the same who has contracted with an agent of the adverse party—the agent

having since died—shall not be a competent witness as to any admission or conversation between himself or herself and such agent [with exceptions inapplicable here].

At issue in each instance were alleged conversations more than two decades earlier between the prospective witnesses and the since-deceased principal in Spraying Systems, Svend Bramsen ("Bramsen"), about the terms of the sales representative relationships between the three individuals and Spraying Systems.

Later in January Smart moved to substitute his corporation, William G. Smart Company, Inc. ("Smart Company"), as the defendant in his place, and without objection from Spraying Systems this Court entered an order granting that substitution. Now Smart Company has filed a so-called Motion To Clarify the Status of William G. Smart as a Witness in This Matter—what is really a motion for a reversal of that earlier ruling barring Smart because of the change in the party defendant to this litigation. Spraying Systems has filed its memorandum in opposition to that motion, and the issue is ripe for decision.

Smart Company points out accurately enough that the quoted portion of the Dead Man's Act renders only a *party* to the proceeding incompetent as a witness, so that whatever limited case law has construed the statute in that respect has refused to disqualify nonparties even though they had a vital interest in the litigation (see *Spitzer v. Bradshaw–Praeger & Co.,* 10 Ill.App.2d 445, 448, 135 N.E.2d 114, 115 (1st Dist.1956); *Reilly Tar & Chemical Corp. v. Lewis,* 326 Ill.App. 117, 121, 61 N.E.2d 297, 298 (1st Dist.1945)). Under an extension of that analysis Smart himself—because now a nonparty—would be entitled

---

**1.** This Court has often identified the problems posed by such an invocation of Rule 56 where, as in this instance, the movant is really not staking everything on a single throw of the dice—instead the motion is one that takes essentially this form:

If we win on this single issue, we have won the case and it is over. But if we do not, the case must proceed on all remaining issues.

See, e.g., the Appendix to this Court's opinion in *Teamsters Local 282 Pension Trust Fund v. Angelos,* 649 F.Supp. 1242, 1252–53 (N.D.Ill.1986).

**2.** Further citations to those statutes will simply take the form "Section—." That usage comports with the Illinois General Assembly's use of that word and of the symbol "§" in its enactments, even though the publisher of the Smith–Hurd annotated version of the Illinois statutes has chosen to shift to "¶" instead.

to testify, even though in real-world terms he might be thought of as the real party in interest (he owns 100% of the stock of Smart Company [3]). As Honorable Ulysses S. Schwartz [4] put it in *Spitzer,* 10 Ill. App.2d at 448, 135 N.E.2d at 115:

> Defendant argues that there is a certain unfairness in the admission of testimony to a conversation with a man who is dead and who cannot deny it and that therefore the court ought to reject the offered testimony. This court cannot extend the area of disqualification. The fact is that in recent years the trend has been to the contrary—to remove the disqualification. We discussed this in *Pink v. Dempsey,* 350 Ill.App. 405, 113 N.E.2d 334, leave to appeal denied 415 Ill. 631, where the plaintiff, whom we held to be disqualified, argued that the statute was unjust as to her. We felt there was still essential wisdom in the Deadman's Statute and did not concur in the argument that its application ought to be attenuated by construction. On the other hand, we cannot enlarge it.

Spraying System's response advances a battery of objections to any change in this Court's prior ruling. In substantial part those contentions are unpersuasive:

> 1. Spraying Systems Mem. 3–4 characterizes Smart Company as "the admitted alter ego of Mr. Smart," so that Section 8–301 should be read just as though Smart individually had remained the party defendant. But the propriety of that "alter ego" label really depends on a legal determination that this Court is in no position to make in the absence of the required evidentiary support (see, e.g., the recent summary of the doctrine in *Import Sales, Inc. v. Continental Bearings Corp.,* 217 Ill.App.3d 893, 903–04, 160 Ill.Dec. 634, 641, 577 N.E.2d 1205, 1212 (1st Dist.1991)) and *not* on Spraying

Systems' ipse dixit assertion. Smart's relationship to Smart Company *might* indeed be one in which "piercing the corporate veil" would be appropriate as a matter of law, but it equally well might not be.

> 2. Spraying Systems Mem. 6–7 urges: In order for justice to be served in this lawsuit, Mr. Smart and his corporate alter ego cannot be treated as separate and distinct entities. Their rights and liabilities are identical, and both must be bound by the declaratory judgment rendered in this case. Mr. Smart cannot hide behind his corporate alter ego when it suits his purposes or use the corporate forum to promote injustice.

Spraying Systems therefore asks leave to rename Smart individually as an added party defendant, thus restoring the literal roadblock of Section 8–301. But that approach is again dependent on the unestablished "alter ego" argument, as well as being at odds with the judicial restraint that is exemplified by Judge Schwartz' *Spitzer* decision.

Despite the nonpersuasiveness of those arguments, Spraying Systems does carry the day with its remaining assertion. At the time of the asserted conversation between Smart and Spraying Systems' Bramsen and Joe Pelej (both now deceased), the contracting parties were Smart *individually* and Spraying Systems, the corporation for which Bramsen and Pelej were then agents. If Smart had not later chosen to shift his business operation into corporate form, Section 8–301 would have rendered him incompetent because he would have been the party litigant. And that later incorporation of Smart Company, a step taken shortly after Smart individually had become Spraying Systems' sales representative, took place without prior notice to

---

3. For aught that appears, Smart might even be its only employee, although all the evidence on that subject is not before this Court on the current motion.

4. Any practitioner who (like this Court) goes back to the era of the *Spitzer* decision knows of Judge Schwartz as the outstanding Illinois state court judge of his time, one with a keen sense of justice and equity—really the Illinois counter-

part of the great equity judge of one generation earlier, United States Supreme Court Justice Benjamin Cardozo, when the latter was serving on the New York Court of Appeals. Among Judge Schwartz' many distinctions, he authored not only a host of memorable opinions but also the now Chief Judge of this District's Bankruptcy Court, Honorable John Schwartz.

Spraying Systems—it continued to deal with Smart just as though he had continued as a sole proprietorship. Spraying Systems Mem. 5 correctly points out that the logical consequence of Smart's current contention would be to permit an end run around Section 8–301 in *every* case by the simple device of incorporating (even on the very eve of trial).

There is no Illinois case law directly on point, so that *Erie v. Tompkins* principles require this Court to exercise its best judgment as to how the Illinois Supreme Court would rule on this issue if it were confronted with the same problem (see, e.g., *Konradi v. United States*, 919 F.2d 1207, 1213 (7th Cir.1990)). This Court's conclusion is that under the special circumstances presented here, the Illinois Supreme Court would treat the question of testimonial competency under the Dead Man's Act no differently the day after a change in the party litigant (when the defendant had been switched to a wholly-owned corporation) than it had the day before (when the defendant was the Act-disqualified contracting individual). Smart Company's motion is therefore denied, and Smart will continue to be held not to be a competent witness as to his conversations with Spraying Systems' now-deceased agents.